IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-CV-3357

DUSTIN JONES,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

## COMPLAINT-CIVIL ACTION

---

COMES NOW Plaintiff Dustin Jones, by and through his attorney Brian J. Lampert, at Lampert & Walsh, LLC, for his Complaint against Defendant United States of America and states as follows:

### JURISDICTION

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* The claim arises out of injuries incurred by Plaintiff on May 13, 2021, at Buckly Air Force Base, Aurora, Colorado.

2. On December 22, 2021, Plaintiff timely submitted an administrative claim on behalf of Plaintiff pursuant to 28 C.F.R. § 14.2(a) involving the United States Air Force ("USAF").

3. The submitted administrative claim included a properly executed Standard Form 95 along with a letter of representation from the undersigned containing a demand for damages sustained by Plaintiff. That letter contained the facts of the subject incident

1

as well as statements regarding USAF's legal duties and breaches of those duties and included the amount of Plaintiff's medical expenses to date.  The letter was intended to put the USAF on notice of the claim and to establish evidence that the undersigned represented Plaintiff as his attorney.  The letter provided that Plaintiff was willing to enter into settlement negotiations.  The executed Standard Form 95 contained all requested information including a sum certain of Plaintiff's damages. The Standard Form 95 also identified a member of this firm as Plaintiff's counsel.

4. On March 9, 2023, Plaintiff's counsel received an initial denial letter from United States Air Force Judge Advocate General Corps: Chief, General Torts Branch. Plaintiff then submitted additional material in response to that denial on May 5 and August 18, 2023. An email response from the Tort Branch dated August 21, 2023, accepted this material as a "request for reconsideration" and took the claim under further consideration.

5. On September 27, 2023, a second, final denial was issued signed by Bradford S. Hunt, Chief, General Torts Branch, Tort and Litigation Division stating:

> This is the final denial of your client's claim. If he is dissatisfied with this decision, he may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter. (See **Exhibit 1**).

6. Having complied with all jurisdictional conditions precedent to a Federal Tort Claims Act pursuant to 28 USCS § 2675(a), this Complaint is now filed.

7. The United States District Court has exclusive jurisdiction over these claims pursuant to 28 U.S.C. § 1346(b) and 28 U.S.C. §§ 2671-2680 in that this is an action for money damages for personal injury caused by the negligence and wrongful acts and/or omissions of employee(s)/agent(s) of the United States while acting within the scope of

his/her/their employment with the United States, and for which the United States, if a private person, would be liable to Plaintiff for injury according to the law of the State of Colorado, where the acts and/or omissions occurred.

8. Subject matter jurisdiction is proper over the tort claims brought against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

9. Venue is properly within this District pursuant to 28 U.S.C. § 1402(b) as the Plaintiff is a resident of Colorado and the acts complained of occurred in the District of Colorado.

## PARTIES

10. At all times material hereto, Plaintiff Dustin Jones was a citizen of the United States and was a resident of Elbert County, Colorado.

11. The United States of America is a sovereign nation and is the proper defendant for torts alleged through the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

12. USAF is an agency of the United States Department of Defense and has authority over air supremacy, global integrated intelligence, surveillance and reconnaissance, rapid global mobility, global strike and command and control in the United States.

## GENERAL ALLEGATIONS

13. On or about May 13, 2021, Plaintiff was lawfully on the subject premises of the Buckley Air Force Base located in Colorado Springs, Colorado.

14. Upon information and belief, USAF maintained and controlled operations of the vehicle barrier at the Mississippi Gate entrance of Buckley Air Force Base, at all times

material hereto.

15. That on or about May 13, 2021, Plaintiff was not in military service and was an "invitee" on the premises of the Buckley Air Force Base pursuant to C.R.S. § 13-21-115.

16. USAF is a federal agency charged with protecting the nation's air space and owns and operates the Buckley Air Force Base.

17. At all times relevant, USAF had a duty to maintain and eliminate dangerous conditions at the Mississippi Gate entrance of Buckley Air Force Base, including ensuring the security barrier was operated properly and not improperly engaged or deployed as a vehicle passed over the barrier.

18. At all times relevant, the USAF agents or several members at Buckley Air Force Base gate were working within their course and scope of their employment at the time of the subject incident.

19. On May 13, 2021, at approximately 3:04 p.m., Plaintiff was involved in an injury incident when a security barrier was improperly deployed and struck his vehicle which then caught on fire, resulting in plaintiff sustaining bodily and psychological injury, as well as property damage to his vehicle.

20. As a result of the subject incident, Plaintiff has suffered economic damages, non-economic damages, physical impairment, physical disfigurement, and psychological injury.

21. As a direct and proximate result of the above-described accident, Plaintiff sustained physical injuries from the subject incident, including but not limited to, his neck, back, left forearm, left hip, hearing loss, headaches.  Plaintiff's past medical bills are

currently in excess of $14,880.74 and are ongoing. As a result of his injuries, it is anticipated that Plaintiff will incur additional medical expenses in the future.

22. Plaintiff's vehicle, a blue 2005 Audi A4, was completely totaled in the incident, resulting in the loss of its fair market value of approximately $7,518.66. Plaintiff also incurred a towing expense and storage of $1,860.00 to remove his vehicle from the base premises.

23. As a further and direct and proximate result of the above-described subject incident, Plaintiff incurred pain and suffering, together with loss of enjoyment of life, physical impairment, physical disfigurement, lost wages, and loss of economic opportunity and will in the future continue to incur such pain and suffering, loss of enjoyment of life, physical impairment, and physical disfigurement, due to the continuing nature of his injuries.

**FIRST CLAIM FOR RELIEF**
*(Premises Liability Pursuant to C.R.S. § 13-21-115 – United States of America)*

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Plaintiff was on the subject premises at the Buckley Air Force Base on or about May 13, 2021.

26. Plaintiff was a civilian "invitee" of Defendant, and Defendant meets the definition of a "landowner" pursuant to C.R.S. § 13-21-115 at all times material hereto.

27. Defendant, by and through its Buckley Air Force Base agents, service members and/or employees, actually knew or should have known of the dangerous conditions which existed or actions which could occur by the misuse of the gate security system at the Mississippi Gate entrance area on May 13, 2021.

28. Defendant, by and through its agents, service members and/or employees, failed to use reasonable care to protect invitees against dangers or properly operate the dangerous conditions on the subject premises.

29. Defendant, by and through its agents, service members and/or employees, failed to warn invitees on the subject premises of dangerous condition it knew or should have known about, and failed to make any corrective efforts to eliminate the known dangerous condition or to prevent improper deployment.

30. Defendant, by and through its agents, service members and/or employees, failed to ensure that the use of the Mississippi Gate entrance security barrier was hazard free and not a dangerous condition to foreseeable visitors to the base.

31. Defendant owed a duty of reasonable care to Plaintiff as an invitee on the premises. The duty of care extended to maintaining a safe environment, ensuring proper communication among base employees, and avoiding actions by those employees that could result in harm to individuals lawfully on the premises.

32. Defendant, by and through its agents, service members and/or employees, was responsible for the condition of the subject premises described herein and its agents and/or employees and failed to exercise reasonable care to protect Plaintiff.

33. Defendant, by and through its agents, service members and/or employees, failed to exercise reasonable care by its agents and/or employees' failure to eliminate unreasonable danger to their invitees and is liable to Plaintiff for the damages caused.

34. As a direct result of the aforementioned failure(s) of Defendant, its agents, service members and/or employees, Defendant failed to protect invitees against the danger on the subject premises, as described above, Plaintiff incurred damages as set

forth above in paragraphs 20 through 23 above.

## SECOND CLAIM FOR RELIEF
*(Negligence – United States of America)*

35.     Paragraphs 1 through 34 are incorporated herein by reference.

36.     Defendant, through its agents, service members and/or employees, negligently created a dangerous condition on the subject premises.

37.     Defendant owed a duty of reasonable care to Plaintiff as an invitee on the premises. The duty of care extended to maintaining a safe environment, ensuring proper communication among base employees, proper training and avoiding actions by those employees that could result in harm to individuals lawfully on the premises.

38.     Defendant's negligent initiation of the "Gate Runner" alert and the unnecessary deployment of the security barrier constituted a breach of the duty of reasonable care. Despite Plaintiff's vehicle being previously parked in plain sight within the base premises before the incident, Defendant's employees or agents lack of awareness of the fact and then hasty decision to initiate the alert and deploy the barrier, was not grounded in reasonable judgment or proper assessment of the situation.

39.     Defendant's employees or agents' decision to initiate a "Gate Runner" alert without justifiable cause and without considering the actual circumstances led to the sudden deployment of the security barrier, causing Plaintiff's vehicle to halt abruptly and catch fire and injure Plaintiff who was driving the vehicle.

40.     This chain of events, directly resulting from Defendant's negligence, led to Plaintiff's injuries and damages.

41.     As a direct result of the aforementioned negligence of Defendant, its agents

and/or employees, Plaintiff incurred damages as set forth above in paragraphs 20 through 23 above.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount to be determined at trial of the civil action, together with costs, interest from the date of the judgment and such other and further relief as this Court deems proper.

Respectfully submitted this 20th day of December 2023.

**LAMPERT & WALSH, LLC**

*The duly signed original of this document is on file at the law offices of Lampert & Walsh, LLC*

By: /s/  Brian J. Lampert
Brian J. Lampert, Atty. Reg. No. 9437
LAMPERT & WALSH, LLC
5281 S. Quebec Street
Greenwood Village, CO 80111
Telephone: 720-489-5848
Facsimile: 720-489-0540
Email:  chowder22@comcast.net
*Attorney for the Plaintiff*

Plaintiff's Address:
33729 Southern Cross Trail
Kiowa, CO 80117'