

**DEPARTMENT OF THE AIR FORCE**
AIR FORCE JUDGE ADVOCATE GENERAL'S CORPS
CIVIL LAW

RECEIVED
OCT - 3 2023

Air Force Claims and Tort Litigation Division
1500 W. Perimeter Rd., Suite 1700
Joint Base Andrews, MD 20762

SEP 27 2023

Richard C. Casey
Lampert & Walsh, LLC
5281 South Quebec Street
Greenwood Village, CO 80237

Re:   Your Client, Dustin Jones; Air Force Claim: 22-6759

Mr. Casey,

I have reconsidered your client's Federal Tort Claims Act claim under the provisions of 28 C.F.R. §14.9(b). After careful review of your request for reconsideration, I uphold the denial of your claim.

In your reconsideration request, you noted that your client was not on active duty at the time of the injury. However, that does not conclude the analysis. See Quintana v. U.S., 997 F.2d 711 (10th Cir. 1993)("active duty service is not necessary for the Feres 'incident to service' test to apply.") When a reservist is taking advantage of a privilege or benefit conferred by reason of their military status, then the Feres doctrine will apply. I note in the Quintana case that the Plaintiff was a member of the National Guard not on active duty and was receiving medical care at the time of the injury. See also Rayner v. U.S., 760 F.2d 1217 (11th Cir. 1985)("the provision of benefits to soldiers because of their status as military personnel is considered 'activity incident to [such] service.'"). Your client was escorting his spouse onto base for the purpose of getting her a military dependent ID card, which confers benefits to her including access to military installation facilities such as the commissary, base exchange, the gym and other benefits and services.

This is the final denial of your client's claim. If he is dissatisfied with this decision, he may now file suit in an appropriate United States District Court not later than six months after the date of mailing of this letter.

Sincerely,

Bradford S. Hunt

BRADFORD S. HUNT
Chief, General Torts Branch
Claims and Tort Litigation Division

EXHIBIT
1